CREDIT UNION CENTRAL FALLS

v.

Lawrence S. GROFF.

No. 2006–255–Appeal.

Supreme Court of Rhode Island.

Oct. 19, 2007.

ORDER

This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After considering the memoranda and arguments of the parties, we conclude that cause has been shown. Accordingly, the case is assigned to the regular calendar for full briefing and argument. The intervenor's brief will be due within forty days of the date of this order. Further briefing shall be in accordance with Article I, Rule 16 of the Supreme Court Rules of Appellate Procedure. The parties are directed to address the issue of the duty of care owed by Mr. Groff to the plaintiff, as well as the issue of Mr. Groff's purported representation of both the plaintiff and the mortgagors.

The issues raised in this case implicate the duty of care owed by an attorney at a real estate closing when the attorney represents the mortgagors, conducts the closing on behalf of the mortgagee, and issues a title insurance policy as an agent of the title insurance company. The Court invites all interested parties to file briefs addressing such issues as *amici curiae*.

The Court also directs that the funds in the possession of the plaintiff subject to the writ of attachment issued by order of the Superior Court entered on March 29, 2004, be transferred to the Registry of the Superior Court forthwith. Said funds are also subject to the supplemental order of the Superior Court entered on December 3, 2004, requiring notice to all potential claimants before distribution.